IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHAWN WILLIAMS**                                              **PLAINTIFF**
**ADC #116492**

v.                    No: 4:23-cv-00873-BSM-PSH

**SARAH HUCKABEE SANDERS,** *et al.*                 **DEFENDANTS**

# ORDER

Before the Court are motions filed by plaintiff Shawn Williams to extend time, allow for discovery on exhaustion, and to stay summary judgment proceedings (Doc. Nos. 34-35).

These motions reflect several misunderstandings by Williams which the Court addresses before addressing the specific relief requested by Williams. First, the Court has not stayed discovery on the issue of exhaustion. *See* Doc. No. 27 ("Discovery that is not related to the issue of exhaustion is stayed until further order."). Second, that order was entered by the Court as a routine matter; the defendants did not move for this stay. Third, the defendants' motion to extend the time to file their motion for summary judgment on the issue of exhaustion was timely filed on May 17, 2024, three days before the deadline of May 20, 2024. *See* Doc. No. 27. And finally, the Court routinely grants motions for extension of time in prisoner cases with no advance notice to the prisoner-plaintiff because it is

impracticable for the parties to consult with each other in such cases. (The Court also routinely grants motions for more time filed by prisoner-plaintiffs even though they have not consulted with the defense counsel beforehand.) Williams was not prejudiced by the short extension of time obtained by the defendants in this case.

Turning to the specific relief requested by Williams, his request to conduct discovery relating to exhaustion (Doc. No. 35) is DENIED as MOOT. He has always been allowed to conduct such discovery. *See* Doc. No. 27. Additionally, although this motion is also labeled a "motion to stay summary judgment proceedings," Williams does not explain why he seeks such a stay or for how long. Apart from allowing Williams more time to respond to the defendants' motion for summary judgment (see below), the Court will not otherwise stay summary judgment proceedings. That request is therefore DENIED. Finally, Williams also states in this motion that defendants "should make their 30(b)(6) witness available for depositions." Doc. No. 35 at 6. Williams does not need leave of Court to depose a witness. However, if he chooses to depose a witness, he must bear the expense of any depositions. The Federal Rules of Civil Procedure require that the party seeking to depose a witness bears the recording costs. Fed. R. Civ. P. 30(b)(3). The *in forma pauperis* statute does not provide for the payment of costs associated with a plaintiff taking depositions. *See* 28 U.S.C. § 1915(f); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).

Williams' motion for more time to respond to the Motion for Partial Summary Judgment filed by defendants Chiquia Ballard, Gary Musselwhite, and Robert Pierce (Doc. No. 34) is GRANTED. Williams may have 60 days from the date of this Order to conduct discovery on exhaustion and file his response.

IT IS SO ORDERED this 16th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE